UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE LEADMON,

    Plaintiff,

                                                Case No:

v.

                                                 Hon.

THE AUTO CLUB, d/b/a THE MACOMB
GENERAL AGENCY, and THE AUTO CLUB
GROUP,

    Defendants.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Christine Leadmon (hereinafter "Leadmon"), by and through her attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendants Auto Club d/b/a The Macomb General Agency ("MGA") and The Auto Club Group ("AAA") as follows:

1.     Plaintiff, Christine Leadmon, is a resident of the City of St. Claire

Shores, County of Macomb and State of Michigan.

2. Defendant, ACG is a Travel and Insurance Agency whose principal place of business is located at 41736 Garfield Rd, Clinton Twp, MI 48038 and is authorized to do business and operate within the Southeastern District of Michigan.

3. Defendant, AAA is a Travel and Insurance Agency whose principal place of business is located at 1 Auto Club Dr, Dearborn, MI 48126 and is authorized to do business and operate within the Southeastern District of Michigan.

4. Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

5. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

6. Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendants constituting unlawful discrimination/harassment consisting of sexual harassment and retaliation in violation of Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA, §37.2101, *et seq*.

## GENERAL ALLEGATIONS

7. Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

8. Plaintiff, Christine Leadmon began her employment with Defendants, MGA and AAA on or Plaintiff is a 30 year-old female who began employment with

Defendants, who were her co-employers in 2011.

9. In 2013 Plaintiff became pregnant and In 2015 Plaintiff returned to work for Defendants where MGA and AAA were co-employers.

10. Defendants MGA and AAA both exercised control over Plaintiff regarding her hours, job duties and job performance.

11. Plaintiff was most recently employed as Member Service Representative.

12. During Plaintiff's employment, Plaintiff was subjected to sexual comments and comments based on sex and Plaintiffs sex.

13. Michael Burke ("Burke") was the AAA Field Manager, who oversaw the office Plaintiff worked in and was one of Plaintiff's managers who had supervisory authority over her began to sexually harass her.

14. Mr. Burke would come into the office 3-4 times a month and make sexually charged comments that Plaintiff was "a stripper", needed to wear tighter clothes.

15. Burke bought her a jacket for "performance" because it was so tight.

16. When Plaintiff got a raise, Burke told the office "I guess you're not going to have to work as a stripper anymore.

17. Burke also made references to Plaintiff about her working "on the corner."

18. He would call and texted her daily.

19. Burke told Plaintiff he had naked pictures of Plaintiff's 16 year-old cousin.

20. Burke would show Plaintiff pictures of other young girls who appeared to be 13-14 years old and scantily clothed.

21. Burke told Plaintiff about how much attention niece got when she dressed like that and suggested that if Plaintiff dressed more provocatively she could get much more business.

22. He encouraged her to wear yoga pants to work.

23. Every time Mr. Burke came into the office he made sexually based comments to Plaintiff about her or some under-aged girl creating a hostile work environment.

24. Burke often came into the office unannounced leaving Plaintiff on edge and frightened because she never knew when he was going to come into the office.

25. As a result, everyday Plaintiff worked she was subjected to a hostile work environment by being sexually harassed by Burke on the days he showed up or threatened by sexual harassment on days he did not work.

26. Plaintiff complained to Carole Bellestri of MGA who also had supervisory authority over Plaintiff with the ability to hire, fire or discipline Plaintiff told her "that's just how Mike is" and did nothing to stop or prevent the harassment.

27. In March 2019 Plaintiff complained to HR for AAA that Burke was sexually harassing her.

28. After complaining of sexual harassment to HR, Plaintiff was terminated from MGA and AAA in retaliation for her complaints of sexual harassment. Plaintiff believes she was discriminated against and harassed based on sex and Plaintiffs sex/gender and terminated for reporting the sex harassment in violation of Title VII

29. The harassment and discrimination took place on a regular basis over more than a year causing a hostile and offensive work environment due to sex and Plaintiff's sex.

30. During the time period in question, Defendant was Plaintiff's employer and Plaintiff was its employee within the meaning of Title VII of Civil Rights Act of 1964, and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. Moreover, Defendant, GLWA is responsible for all acts committed by its agents, representatives and employees within the scope of their employment.

31. At all times relevant, Plaintiff was acting as an employee.

32. Defendants, through their agents, representatives and employees, were predisposed to sexually harass and discriminate against Plaintiff on the basis of her gender and acted in accordance with that predisposition.

33. Defendants' actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

34. On July 2, 2019 Plaintiff filed a Charge of Discrimination against Defendant, AAA, Charge Number 471-2019-02393.

35. On September 12, 2019 Plaintiff filed a Charge of Discrimination against Defendant, MGAA, Charge Number 471-2019-02393.

36. On March 12, 2020 the EEOC issued a Right to Sue letter for EEOC Charge Number 471-2019-02393.

## COUNT I
## SEXUAL HARASSMENT

37. Plaintiff incorporates by reference paragraphs 1 through 36 of the Complaint as though fully set forth herein.

38. Pursuant to Title VII of Civil Rights Act of 1964, and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from their employer and/or supervisors based upon her sex.

39. Defendants' conduct in continuously talking about sex, young girls, Defendants' desire to see Plaintiff work as a stripper or prostitute and encouraging Plaintiff to dress in a sexually provocative manner occurred were all sexual in nature and on the basis of sex.

40. Defendants created a hostile work environment for Plaintiff as a result of sexually harassing Plaintiff and her complaints of sexual harassment.

41. Defendants AAA and MGA were Plaintiff's co-employers or dual

employers within Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*.

42. Plaintiff has been subjected to repeated and continuous harassment and discriminatory treatment based upon her sex by Defendants its employees and agents to the point where her status as an employee has been detrimentally affected.

43. Plaintiff is entitled to exemplary and compensatory damages pursuant to Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. as a result of each and every violation of the act, including costs and reasonable attorney's fees.

44. Defendants and their agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by engaging in sexual harassment in the workplace;

   b. Retaliating against employees who make complaints of discrimination and harassment; and

   c. Failing to take serious and corrective action when informed by Plaintiff that the conduct towards him was unlawful.

45. Defendant owed Plaintiff as a female employee, a duty to adequately advise their employees to refrain from discriminating against employees.

46. Defendants, MGA and AAA, breached and violated their duty owed to Plaintiff, by reason of the following acts and/or omissions:

   a. Failing to prevent or stop sexual harassment against Plaintiff causing

    a hostile work environment;

  b. Taking adverse employment action against Plaintiff due to sex, including termination; and

  c. Retaliating against Plaintiff for her complaints of sexual harassment.

47. As a direct and proximate result of the actions of the Defendants, MGA and AAA, Plaintiff was the subject of discriminatory conduct on the part of the Defendants, MGA and AAA.

48. Because of the unlawful conduct of Defendants, MGA and AAA, and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## RETALIATION

49. Plaintiff incorporates by reference paragraphs 1 through 48 of the Complaint as though fully set forth herein.

50. Pursuant to Title VII and the Michigan Elliott-Larsen Civil Rights Act,

MCLA 37.2201, *et seq*., Plaintiff is guaranteed the right to be free from discrimination from her employer and/or supervisors based upon sex and her gender.

51. Plaintiff's sex was a factor in Defendants' employment decisions.

52. Defendant Auto Club Group was Plaintiff's employer within the meaning of Title VII and the Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*.

53. During the course of her employment with Defendants, MGA and AAA Plaintiff was subjected to constant unwelcome sexual harassment creating a hostile work environment by Defendants.

54. The sexual harassment created a hostile work environment and had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment.

55. Plaintiff complained to upper management of Defendants, MGA and AAA that she was being discriminated against due to her sex and that she was being subjected to a hostile work environment.

56. Plaintiff's complaint of sexual harassment to Defendants were protected acts under Title VII and the Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. prohibiting Defendants from retaliating against Plaintiff for her protected activity.

57. Defendants AAA and MGA had actual and constructive notice that they

were creating an intimidating, hostile and offensive work environment for Plaintiff.

58. Despite having notice of the sexual harassment and gender discrimination and conduct toward Plaintiff, Defendants failed to take any remedial action, but instead took adverse employment action against Plaintiff, including termination based upon her gender and in retaliation for her complaints of sexual harassment and gender discrimination.

59. The sexual harassment and retaliation and conduct by Defendants and Defendants' failure to take any remedial action violate Title VII and the Michigan Elliott- Larsen Civil Rights Act, MCL 37.2101 *et seq*.

60. As a proximate result of the Defendants' retaliation of Plaintiff, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road,
    Suite 400 Bingham Farms,
    Michigan 48025
    (248) 540-6800
    sbatey@bateylaw.com

Dated:  June 5, 2020

## **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, Christine Leadmon, by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
    SCOTT P. BATEY (P54711)
    Attorney for Plaintiff
    30200 Telegraph Road,
    Suite 400 Bingham Farms,
    Michigan 48025
    (248) 540-6800
    sbatey@bateylaw.com

Dated:  June 5, 2020